# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

**IN THE MATTER OF:**

| | |
|---|---|
| Constantine Drosis, | Bankruptcy Case No. 20-49955-jad |
| Joy Drosis, | Honorable Joel D. Applebaum - Detroit |
| | Chapter 7 |
| Debtors. | |
| _____/ | |

## ORDER AUTHORIZING TRUSTEE TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS, TO COMPENSATE BROKER AT CLOSING, AND FOR ADDITIONAL RELATED RELIEF

This case is before the Court on the Chapter 7 Trustee's Motion for Entry of Order Authorizing Trustee to Sell Real Property Free and Clear of Liens, to Compensate Broker at Closing, and for Additional Related Relief (the "Motion"); notice having been provided properly, under Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure; no timely objections having been filed or made to the Motion, the Court being fully advised in the premises; and for the reasons stated by the Court on the record during the hearing,

**NOW THEREFORE; IT IS HEREBY ORDERED** that:

1. The Motion[1] is granted in all respects.

**Authorization to Sell Real Property**

---

[1] Capitalized terms contained herein shall have the same meaning as those in the Motion, unless stated otherwise.

1

2. The Trustee is authorized to sell the real property commonly known as 32775 Red Oaks Trail, Beverly Hills, MI 48025 (the "Real Property") as set forth in the Motion to L. G. Holmes, LLC or its successor or assignee, or a similarly situated person/entity (the "Purchaser") for $410,000.00 or higher pursuant to the terms and conditions contained in the Purchase Agreement and Addendum thereto, attached to the Motion as Exhibit 6. The legal description of the Real Property is:

The following described premises situated in the City of Beverly Hills, County of Oakland, State of Michigan, to wit:

> Lot 16 of Nottingham Forest No. 1 according to the Plat thereof as recorded in Libor 99, Pages 18 and 19 of Plats, Oakland County Records
>
> Tax Parcel No. 24-04-204-008
>
> Commonly known as 32775 Red Oaks Trail, Beverly Hills, MI 48025

3. The Real Property shall be sold AS IS and WHERE IS, without any representation or warranty, whether express or implied, including, but not limited to, any warranties of merchantability, fitness for a particular purpose, or habitability.

4. Any party holding a lien (consensual or statutory), other than Wells Fargo ("Wells"), Chase Bank ("Chase"), the Michigan Department of Treasury ("SOM"), and the Oakland County Treasurer, may not assert a secured claim to the Estate's interest in any sale proceeds from the sale of the Real Property, but will instead have only unsecured (priority and/or general) claim(s) against the Estate for any allowed claim(s) against the Estate.

2

20-49955-lsg    Doc 32    Filed 04/20/21    Entered 04/20/21 11:03:57    Page 2 of 6

5. At the closing on the sale of the Real Estate, Wells, Chase and SOM shall receive sums sufficient to pay their mortgages and statutory lien in full satisfaction of their interests in the Real Estate.

6. At the closing on the sale of the Real Estate, the Oakland County Treasurer shall receive sums sufficient to pay any outstanding property taxes and/or water bills.

**The Sale is Subject to Higher and Better Offers**

7. Any party interested in submitting a competing bid on terms at least as favorable as those stated in the Purchase Agreement must provide Broker with (i) a signed purchase agreement on terms at least as favorable as Purchaser's offer, but with an opening bid of at least $415,000.00; and (ii) a deposit of at least $5,000.00, paid in good and sufficient funds.

8. Any competing bids must be submitted to Broker by 5:00 PM on the fifth (5th) business day following the entry of this Order.

9. In the event that any competing bids are timely received, Trustee will conduct a public auction at the offices of Stevenson & Bullock, P.L.C., 26100 American Drive, Suite 500, Southfield, MI 48034. The auction, if any, will be scheduled in the sole discretion of Trustee.

10. The Trustee shall have sole authority and discretion to (i) determine who qualifies as a bidder based on, *inter alia*, an ability to close and compliance with this Order; and (ii) determine the successful bidder.

3

20-49955-lsg    Doc 32    Filed 04/20/21    Entered 04/20/21 11:03:57    Page 3 of 6

11. If an auction occurs, (i) bidding will occur in increments of $2,000.00, or such other amount as determined by the Trustee in his sound business judgment; (ii) the successful bidder's deposit will be non-refundable, applied toward the purchase price, and retained as liquidated damages in the event of default; and (iii) if L. G. Holmes, LLC is not the successful bidder, their deposit shall be returned as their sole remedy.

12. If no other bidders come forward, then no auction will occur and Trustee will close the sale, as contemplated in the Purchase Agreement, with L. G. Holmes, LLC.

**Authorization to Compensate Broker**

13. The Broker may be compensated at closing in the amount of six percent (6%) of the gross proceeds realized from the sale of the Real Property. If no auction takes place, compensation for the Broker will be twenty-four thousand six hundred ($24,600.00) dollars; however, in the event of an auction, the Broker shall receive six (6%) of the gross proceeds from the sale of the Real Property.

14. The Trustee is authorized to pay or cause to be paid at the closing from the gross proceeds from the sale of the Real Property all of the customary costs of sale and any other expenses or costs (including title company fees and expenses) which are necessary to consummate the sale of the Real Property.

**Additional Relief Authorized**

15. The net proceeds from the sale of the Real Property shall be retained by the Trustee, pending further Order of this Court.

16. Any party occupying the Real Property shall vacate the Real Property no later than forty-eight (48) hours prior to closing; and (ii) leave the Real Property in broom-clean condition with all fixtures and landscaping intact.

17. In the event that any party occupying the Real Property fails to timely vacate the Real Property or fail to leave it in broom-clean condition with all fixtures and landscaping intact, Trustee may, without further court action, (i) have an appropriate law enforcement agency evict the party occupying the Real Property; and (ii) make concessions to the buyer or pay out of pocket for the clean-up costs or for any fixtures or landscaping not left intact.

18. The Trustee is authorized to execute any and all documents and agreements and to do such things as may be necessary or appropriate to implement and effectuate the sale.

19. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062 and 9014, the Local Rules or otherwise, the terms and conditions of this Order shall be effective immediately upon entry.

20. Each and every appropriate federal, state, and local governmental agency or department is ordered and directed to accept transactions contemplated by this Order

including, without limitation, filings in the recording offices in Michigan and governmental agencies or departments.

**Signed on April 20, 2021**



/s/ Joel D. Applebaum
_____
**Joel D. Applebaum
United States Bankruptcy Judge**